UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEIZHI WANG,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director; MICHAEL KROL, Special Agent in Charge, HSI New England; TODD LYONS, Acting Director, U.S. Immigration & Customs Enforcement; KRISTI L. NOEM, Secretary of Homeland Security; PAMELA BONDI, Attorney General of the United States; and DONALD J. TRUMP, President of the United States,<br><br>Respondents. | Civil Action No. 1:26-cv-11107-IT |

MEMORANDUM & ORDER

March 10, 2026

TALWANI, D.J.

Petitioner Weizhi Wang, who resides in Massachusetts, entered the United States in 2014 on a "B1 tourist visa." Pet. ¶ 1 [Doc. No. 1]. On or about March 4, 2026, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody as he was dropping his children off at school. Id. ¶ 4. Petitioner has an "asylum claim for religious persecution" pending before an immigration judge in New York, for which the next hearing is set for April 9, 2029. Id. ¶ 3; Pet., Ex. 5 [Doc. No. 1-5].

On March 4, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1], seeking immediate release or, in the alternative, "a [b]ond hearing before an immigration judge." Pet. at ECF 12 [Doc. No. 1]. As grounds therefor, Petitioner asserts that his detention

contravenes "existing statutes, particularly [Immigration & Nationality Act ("INA")] § 236 (a) and (c) and INA § 235" and violates his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Id. at ECF 10–11.

In their Response to [the] Habeas Petition [Doc. No. 6], Respondents state that "Petitioner is eligible for a bond hearing under 8 U.S.C. § 1226(a) because he overstayed a visa." Id. at 1 (citing 8 U.S.C. § 1227(a)(1)(B)). Respondents therefore "do not object to the Court's ordering a bond hearing, and submit that the Court may resolve this Petition without further briefing or oral argument." Id. Petitioner does not contest Respondents' position and "agrees that there is no need for an oral argument" before the court. Reply ¶¶ 6–8 [Doc. No. 7].

In light of the parties' concurrence as to Petitioner's eligibility for a bond hearing, Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows: No later than March 17, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226(a) or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than March 20, 2026.

IT IS SO ORDERED.

March 10, 2026                                         /s/ Indira Talwani
                                                      United States District Judge